By the Court :
At the common law a surety has no action against his principal until such surety has paid the money; and the remedy extends no further than to recover back the amount paid, as in any other case of money paid for the defendant, at his request. This being the rule, the action of every surety must be for his own advances, and must be in its nature separate. For although two or more joined as sureties in the writing, that act gave them no right, even if it could be considered a joint act. Each surety could recover the amount he had paid, and no more, and the principal, though subjected to the expense of separate suits', could not be subjected to-a judgment for any greater sum than his own original debt.
*0ur statute gives to the surety a totally different remedy. It authorizes the surety to sue a severe process, and obtain a summary judgment against his principal, so soon as the creditor shall have obtained judgment against the surety. The judgment is to be rendered for the “proper amount,” which, of course, must be the amount of the judgment against the security. The foundation of this proceeding in favor of the surety is totally different in principle from the proceeding at common law. It is not the amount paid by the surety, but the whole amount of the judgment, for which the surety may proceed against the principal. Where there are, as in this case, four sureties, upon the doctrine contended for by the defendant in error, each is entitled to a separate judgment against the principal for the whole amount. And each, upon the hypothesis that he might be compelled to pay, would claim to proceed and collect the whole amount of his judgment. Thus a necessity might be created for more litigation to settle and adjust all the rights of the parties. The court conceive that this would not be a reasonable construction of the statute. The judgment which gives the right of the surety to sue, is an entire and single judgment against all; the right it confers upon them must also be entire. Such being the opinion of the court, it is unnecessary to inquire whether the plaintiff could, upon the facts stated, be considered a surety for the defendant. Were that fact fully admitted he could not, in this case, sustain his separate action. The judgment must be reversed.